## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LIVIA M. SCOTTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-2332-B-BH |
| | ) | |
| UNITED CONTIENTAL AIRLINES et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the case should be dismissed with prejudice.

### I.  BACKGROUND

On August 16, 2018, Livia M. Scotto (Plaintiff) filed a *pro se* action naming at least 29 defendants in the United States and abroad, and alleging a variety of disparate claims ranging from employment discrimination to bank deposit loan fraud, contract interference malfeasance and criminal gross negligence.  *Scotto v. Foster,* 3:18-CV-2198-L (N.D. Tex. Aug. 16, 2018), doc. 1 at 1-2.[1]  Her filing contains what appears to be separate lists of defendants that she sued in other federal courts.  (*See id.* at 5; doc. 1-1 at 1-5, 12-18, 26-33, 36-38, 41, 45-46, 49, 60, 62.)  Some of those were the same defendants listed in the style of the case.  (*See id.,* doc. 1-1 at 1-3, 49-50, 62.)  Her motion for leave to proceed *in forma pauperis* was granted.  (*See id.*, docs. 2, 5.)

On August 31, 2018, Plaintiff filed this lawsuit against the same 29 defendants listed in the style of her first case and alleged the same claims as in the first case, but she added two more

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

defendants and three new claims of "air passenger rights violations, 28 U.S.C. SS1-300, and Property torts 18 USC viol" to the style of the case.  (doc. 3 at 1-2.) She again moved for, and received leave to proceed *in forma pauperis*.  (docs. 4, 5.)  Neither complaint contains factual allegations against the defendants, the attachments to both complaints are either largely similar or identical in some instances, and she seeks $71.9 billion in both cases.  No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).  The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Here, Plaintiff filed a prior action against 29 of the same defendants as in this case, asserting the same claims as in this case.  The main difference between the prior case and this case is the addition of two defendants and three claims.  Because the claims are identical, Plaintiff's inclusion

of additional defendants and claims in this action does not change the duplicative nature of this case. *See Bailey*, 846 F.2d at 1020-21. Accordingly, the Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

### III.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2), but the dismissal should be without prejudice to the prosecution of her claims in the prior action.

**SO RECOMMENDED on this 7th day of September, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3